# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                    Criminal Action No. 2:12cr6

**JOSHUA ERIC SPERLING,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Joshua Eric Sperling, in person and by counsel, Scott A. Curnutte, appeared on April 24, 2012. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear and accept his plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was

signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Joshua Eric Sperling, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement signed by him, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Two of the Indictment, including the elements the United States would have to prove at trial, charging him with possession of possession of material used in the manufacture of methamphetamine (aiding and abetting), as charged in Count Two of the indictment. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of his guilty plea. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony, or drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct:     Did you and Mr. Curnutte discuss and from that discussion do you understand that you have a right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals, provided that you file that appeal within 14 days of the Judge's sentencing you?

Def:    Yes, your Honor.

Ct:     Did you also understand that you may file a motion under Title 28, U.S.C. 2255, collaterally attacking or challenging the sentence and how that sentence is being carried out–how it was imposed?

Def:    Yes, your Honor.

Ct:     That's what we commonly call a habeas corpus-type motion. Did you understand that, sir?

Def:    Yes, sir.

Ct: Do you understand that under your plea agreement, and I want you to turn to paragraph 16 of that written plea agreement, if the District Judge, some six or eight weeks from now when you're sentenced, sentences you to an actual sentence– not a Guideline sentence, an actual sentence– which is equal to or lower than a Guideline-calculated sentence which has a total offense level of 26 or lower, then you give up your right to directly appeal that sentence to the Fourth Circuit . . .

Def: I understand . . . .

Ct: And you give up your right to collaterally attack or challenge that sentence using a motion under 28 U.S.C. section 2255. You understand that? You're shaking your head.

Def: Yes, your Honor.

Ct: Mr. Sperling, what that means as a practical matter to you, is that if you receive that kind of a sentence from the district Judge and then you file an appeal or then you file a writ of habeas corpus-type motion under Title 28 United States Code section 2255, the Court reviewing your filing will have a right to look at your agreement; will have a right to look at the transcript of this proceeding; will have a right to look at the order that I will write from this proceeding; will have a right to look at the transcript of your sentencing hearing as well as the J&C– Judgment and Commitment Order– that comes out of your sentencing hearing. And if the court determines that you received the equivalent of a– an actual sentence that is equal to or below a total offense level 26 or lower guideline sentence, they can throw out your appeal. They can throw out your collateral attack using habeas. Without giving you a further opportunity to be heard. Do you understand that?

Def: Yes, your Honor.

4

Ct: Did you intend to give up those valuable rights of collateral attack and direct appeal as set forth in paragraph 16 of your written plea agreement?

Def: Yes, your Honor.

Ct: And you fully understood that provision when you signed the provision on April 3rd of this year?

Def: Yes, your Honor.

Ct: And it hasn't changed between when you signed it and today?

Def: No, it hasn't.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Two of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule

5

of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant acknowledged his understanding and Defendant maintained his desire to have his plea of guilty accepted.

Defendant in particular stated he understood that he had stipulated to the fact that he was in a vehicle which drove alongside gasoline pumps while an active "shake and bake" meth lab was in the vehicle, and that he had also stipulated to the conclusion that that created a substantial risk of harm to human life and to the environment, resulting in a three level increase, or an increase to level 27, whichever is greater.

Defendant also understood that his actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that he understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced him to a higher sentence than he expected, he would not be permitted to withdraw his guilty plea.. Defendant further understood there was no parole in the federal system, although he may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Joshua Eric Sperling, with the consent of his counsel, Scott A. Curnutte, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

The Court heard the testimony of Grant County Sheriff's Deputy Kirk Thorn, who had also previously been employed as a police officer with the Moorefield, West Virginia Police Department. Deputy Thorn testified that he was familiar with meth labs, including the "shake and bake" method, and

had come across 15 to 20 meth labs during his service. On December 1, 2011, he received a "BOLO" from dispatch for a vehicle believed to have been used in a burglary. He observed a vehicle matching that description at an Exxon in Petersburg, Grant County, West Virginia. He pulled up behind the vehicle. He then approached the vehicle and turned it off, instructing the occupants to put their hands up. After other officers arrived, he got the driver, co-defendant Christina Levin, to exit the vehicle. Defendant was in the front passenger seat. In the back of the car, behind the back seat, was a green duffel bag, with tubing, glass jars, drain opener, a funnel, coffee filters, and a glass jar with a white residue. In the glove compartment was a blister pack of 10 pseudoephedrine pills. Another backpack contained scales, jars and other containers.

Deputy Thorn went to move the green bag, and heard hissing and smelled a strong chemical odor. At that point he instructed everyone to retreat from the vehicle. A State Trooper with a chemical mask removed the green bag from the vehicle. It contained a working meth lab.

According to statements from co-defendants and other individuals, Defendant had been observed with the green bag earlier in the day, and had been observed getting out of the vehicle with the green bag. Defendant was patted down and searched at the scene. He had marijuana and a powder believed to be methamphetamine on his person.

Defendant stated he heard, understood and agreed with Deputy Thorn's testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Two of the Indictment is supported by the testimony of Deputy Thorn.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the

charges against him, not only as to the Indictment as a whole, but in particular as to Count Two of the Indictment; Defendant understood the consequences of his plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Two of the Indictment; and Defendant's plea is independently supported by the testimony of Deputy Thorn, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Two of the Indictment and recommends he be adjudged guilty on said charge as contained in Count Two of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: April 24, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE