# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

      v.                                           **Criminal Action No. 2:12cr6**

**CHRISTINA JANE LEVIN,**
      **Defendant.**

## ORDER/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Christina Jane Levin, in person and by counsel, Stephen G. Jory, appeared on May 7, 2012. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count Two of the Superseding Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. Defendant stated the agreement as summarized by counsel for the Government was correct and complied with her understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning her understanding of her right to have an Article III Judge hear the entry of her guilty plea and her understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear and accept her plea and voluntarily consented to the undersigned Magistrate Judge hearing and accepting her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver

and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Christina Jane Levin, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement signed by her, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement. Defendant stated she understood the terms of the written plea agreement and also stated that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count Two of the Superseding Indictment, including the elements the United States would have to prove at trial, charging her with possession of possession of material used in the manufacture of methamphetamine (aiding and abetting), as charged in Count Two of the indictment. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of not more than ten (10) years; understood that a fine of not more than $250,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood she would be subject to up to three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of his guilty plea. She also understood that her sentence could be increased if she had a prior firearm offense, violent felony, or drug conviction. She also understood she might be required by the Court to pay the costs of her incarceration and supervised release.

The undersigned also reviewed with Defendant her conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Jory discuss that you have an absolute right to appeal your conviction and your sentence to the Fourth Circuit Court of Appeals within 14 days of the District Judge's oral pronouncement of your sentence at your sentencing hearing?

Def: Yes, your Honor.

Ct: Did you also understand you could collaterally attack or challenge that sentence and how that sentence is carried out by filing a motion under Title 28 USC section 2255, commonly called a writ of habeas corpus-type motion?

Def: Yes, your Honor.

Ct: If you would turn to paragraph 16 of your written plea agreement, do you understand that if the United States District Judge imposes an actual sentence which is consistent with a guideline sentence with a total offense level of 24 or lower, then you are giving up your right to directly

3

appeal that sentence and you are giving up your right to collaterally attack or challenge that sentence using a habeas corpus motion?

Def: Yes, your Honor.

Ct: Is that what you intended to do by signing the plea agreement with paragraph 16 in it?

Def: Yes.

Ct: And did you completely understand that paragraph when you signed it, and did you completely understand the impact it would have not only on your direct appeal right but on your collateral attack right?

Def: Yes, your Honor.

From the foregoing colloquy the undersigned determined that Defendant understood her appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

The undersigned Magistrate Judge inquired of Defendant, her counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count Two of the Superseding Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count Two of the Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to

the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected, she would not be permitted to withdraw her guilty plea. Defendant acknowledged her understanding and Defendant maintained her desire to have her plea of guilty accepted.

Upon inquiry, the Court determined there were no prior plea agreements offered to Defendant.

Defendant in particular stated she understood that she had stipulated to the fact that she was the driver of a vehicle which drove alongside gasoline pumps while an active "shake and bake" meth lab was in the vehicle, and that she had also stipulated to the conclusion that created a substantial risk of harm to human life and to the environment, resulting in an increase to level 27.

Defendant also understood that her actual sentence could not be calculated until after a pre-sentence report was prepared and a sentencing hearing conducted. The undersigned also advised, and Defendant stated that she understood, that the Sentencing Guidelines are no longer mandatory, and that, even if the District Judge did not follow the Sentencing Guidelines or sentenced her to a higher sentence than she expected, she would not be permitted to withdraw her guilty plea.. Defendant further understood there was no parole in the federal system, although she may be able to earn institutional good time, and that good time was not controlled by the Court, but by the Federal Bureau of Prisons.

Thereupon, Defendant, Christina Jane Levin, with the consent of her counsel, Stephen G. Jory, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Superseding Indictment.

The Court heard the testimony of USFS Special Agent Smithson, who testified he is experienced in the investigation of meth labs and familiar with the materials used in manufacturing meth. He was contacted by the Grant County Sheriff's Department on December 1, 2011, after they had observed a vehicle that was on a BOLO list. The vehicle was at the gasoline pumps at an Exxon station in Petersburg, Grant County, within the Northern District of West Virginia. Defendant was driving the vehicle. There were three other occupants in the vehicle. An officer observed a green duffel bag, which was open and was "hissing." Believing it to contain an active meth lab, it was removed from the vehicle, and all people were removed from the immediate area. The bag did contain an active meth lab, as well as tubing, drain opener, coffee filters, and a funnel. Pseudoephedrine tablets were found in the vehicle's glove box.

Defendant was interviewed on two separate occasions. She stated she had met co-defendant Rowe two weeks earlier. They smoked meth together. She drove him in return for meth. She also purchased pseudoephedrine for him to make meth. She had also helped him make meth by crushing pills and holding the bottle. In return, Rowe said he would "keep her well," which she believed meant he would keep her supplied with prescription pills, but it did not work out that way. She was cooperative throughout the investigation.

Defendant stated she heard, understood and agreed with Special Agent Smithson's testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Two of the Superseding Indictment is supported by the testimony of Special Agent Smithson.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear and accept her plea and elected to voluntarily consent to the

undersigned United States Magistrate Judge hearing and accepting her plea; Defendant understood the charges against her, not only as to the Indictment as a whole, but in particular as to Count Two of the Superseding Indictment; Defendant understood the consequences of her plea of guilty, including the maximum statutory penalty; Defendant made a knowing and voluntary plea of guilty to Count Two of the Superseding Indictment; and Defendant's plea is independently supported by the testimony of Special Agent Smithson, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

The undersigned Magistrate Judge therefore **ACCEPTS** Defendant's plea of guilty to the felony charge contained Count Two of the Superseding Indictment and recommends she be adjudged guilty on said charge as contained in Count Two of the Superseding Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Defendant is continued on release pursuant to an Order Setting Conditions of Release previously entered in this case.

It is so **ORDERED**.

The Clerk of the Court is directed to send a copy of this Order to counsel of record.

DATED: May 8, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE