# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**UNITED STATES OF AMERICA,**

           **v.**                          **Criminal Action No. 2:12cr6**

**LAWRENCE AMBROUSE ROWE,**

    **Defendant.**

## REPORT AND RECOMMENDATION/OPINION REGARDING PLEA OF GUILTY

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Lawrence Ambrouse Rowe, in person and by counsel, L. Richard Walker, appeared on May 7, 2012. The Government appeared by Stephen Warner, its Assistant United States Attorney.

The Court determined that Defendant was prepared to enter a plea of "Guilty" to Count One of the Superseding Indictment. Thereupon, the Court proceeded with the Rule 11 proceeding by first placing Defendant under oath. The Court determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court asked counsel for the Government to summarize the written Plea Agreement. During his summarization, the AUSA appearing advised that several state and county prosecutors had agreed to dismiss local charges against Defendant should he go through with this plea. The Court advised Defendant, and determined that Defendant understood that neither the Federal Court nor any Federal Judge had been involved in these negotiations and could not force the state or local authorities to dismiss any charges. Defendant

stated the agreement as summarized by counsel for the Government was correct and complied with his understanding of the same. The Court **ORDERED** the written Plea Agreement filed.

The Court next inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Lawrence Ambrouse Rowe, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned Magistrate Judge examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant. The undersigned inquired of Defendant regarding his understanding of the written plea agreement.

Defendant stated he understood the terms of the written plea agreement and also stated that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned reviewed with Defendant Count One of the Superseding Indictment, including the elements the United States would have to prove at trial, charging him with participating in a methamphetamine conspiracy. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him.

The undersigned then reviewed with Defendant and determined Defendant understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both fine and imprisonment could be imposed; understood he would be subject to of at least three (3) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable within 40 days following entry of his guilty plea.. He also understood that his sentence could be increased if he had a prior firearm offense, violent felony, or drug conviction. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The Court also discussed, and determined Defendant understood, that under his plea agreement, the parties had agreed that the appropriate disposition of the case is a sentence of imprisonment for a period of one hundred and twenty-one (121) months, a term of three (3) years of supervised release, and monetary penalties, fees and/or restitution to be determined by the District Court. Defendant further understood this disposition binds the District Court if the Court accepts this plea agreement. Defendant

understood that just because he and the United States agreed to this disposition, the Court is not at this point bound to this disposition. The Court will review this Report and Recommendation, a pre-sentence report, and sentencing memoranda, as well as evidence, and decide whether or not to go along with the plea agreement. Defendant further understood that, if the Court chooses NOT to be bound by the binding sentence, he will so advise Defendant, and give Defendant an opportunity to withdraw his guilty plea. If Defendant under those circumstances does not withdraw his guilty plea, the judge can sentence him to any sentence within the statutory maximum. Finally, the Judge will determine the monetary fees, penalties, and or restitution to be made.

The undersigned also reviewed with Defendant his conditional waiver of appellate rights as follows:

Ct: Did you and Mr. Walker discuss that you have a right to appeal your conviction and sentence to the Fourth Circuit Court of Appeals within 14 days of the oral pronouncement of your sentence?

Def: Yes, sir.

Ct: Did you also discuss with Mr. Walker and did you understand from that discussion that under 28 USC 2255, you may have a right or opportunity to collaterally attack or challenge your sentence and how that sentence is carried out?

Def: Yes, sir.

Ct: It's also called a habeas corpus petition. Did you understand that?

Def: Yes, sir.

Ct: Now did you understand under paragraph 16 of your written plea agreement, if the District Judge, some 6 to 8 weeks from now at your sentencing hearing, agrees that he is bound by

paragraph two, the binding sentence of 121 months, that you will then give up your right to directly appeal the sentence and you will give up your right to collaterally attack or challenge that sentence using a habeas corpus-type petition?

Def:   Yes, sir.

Ct:    Is that what you intended to do by signing your plea agreement with paragraph 16 in it?

Def:   Yes, sir.

Ct:    Did you completely understand that paragraph before you signed the plea agreement?

Def:   Yes, sir.

From the foregoing colloquy the undersigned determined that Defendant understood his appellate rights and knowingly gave up those rights pursuant to the conditions in the written plea bargain agreement.

Counsel for Defendant advised the Court that a prior written plea offer had been made to Defendant and had been reviewed by Defendant with counsel. That agreement was nearly identical to the one Defendant signed with the exception that it was non-binding. The AUSA believed that the current agreement was more beneficial to Defendant. Counsel for Defendant agreed that there were intangibles that were of benefit to Defendant as compared to the prior plea agreement. Regardless, the prior agreement had been reviewed by Defendant with his counsel. Defendant himself then agreed he reviewed the prior agreement and rejected it, and agreed to the current agreement as being more beneficial to him, if only for the fact that it contained more certainty.

The undersigned Magistrate Judge inquired of Defendant, his counsel, and the Government as to the non-binding recommendations and stipulation contained in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in Count One of the Superseding

5

Indictment, the undersigned Magistrate Judge would write the subject Order and would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the pre-sentence investigation report, would the District Court adjudicate the Defendant guilty of the felony offense contained in Count One of the Superseding Indictment and make a determination as to whether to accept or reject any recommendation or stipulation contained within the plea agreement or pre-sentence report. The undersigned reiterated to the Defendant that the District Judge may not agree with the recommendations or stipulation contained in the written agreement. The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, that in the event the District Court Judge refused to follow the non-binding recommendations or stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected, he would not be permitted to withdraw his guilty plea. Defendant acknowledged his understanding and Defendant maintained his desire to have his plea of guilty accepted.

Thereupon, Defendant, Lawrence Ambrouse Rowe, with the consent of his counsel, L. Richard Walker, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in Count Two of the Indictment.

The Court heard the testimony of USFS Special Agent Gene Smithson, who testified he was experienced and trained in the investigation of methamphetamine labs and the materials used to manufacture methamphetamine. He was familiar with Defendant's case, although he was not at the scene where the investigation first started. He had familiarized himself with those aspects of the case through discussions with local agencies and reviews of reports. On December 1, 2011, 911 contacted the local authorities in Grant County, within the Northern District of West Virginia, regarding a BOLO for a vehicle and Defendant regarding an alleged residential robbery where a firearm was stolen. The

6

vehicle which was described in the BOLO was located at the gasoline pumps at the Exxon station in Petersburg, Grant County, West Virginia. Defendant was not in the vehicle at the time, but four other subjects were. Co-defendant Christina Levin was driving the vehicle.

Items located on the subjects' persons included materials used in the manufacture of methamphetamine. In the vehicle itself was a green duffle bag that was open and was "hissing" and smelled of chemicals. A certified State Trooper was called to remove the bag and relieve the pressure so it would not explode. The bag contained an active shake and bake meth lab. Also recovered were business cards with Defendant's nickname "Low" on them, coffee filters, tubing, and drain opener. Interviews with the other subjects indicated the green bag belonged to Defendant, and that Defendant had been riding with Christina Levin. She at one point attempted to buy pseudoephedrine from a Rite Aid, but was turned down because she had exceeded the allowed amount. They met up with the other subjects in Petersburg.

Defendant stated he heard, understood and agreed with Special Agent Smithson's testimony. The undersigned United States Magistrate Judge concludes Defendant's plea of guilty to the offense charged in Count Two of the Superseding Indictment is supported by the testimony of Special Agent Smithson.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear and accept his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing and accepting his plea; Defendant understood the charges against him, not only as to the Superseding Indictment as a whole, but in particular as to Count One of the Superseding Indictment; Defendant understood the consequences of his plea of guilty,

including the maximum statutory penalty; He understood the binding aspects of the agreement, and that the Court was not yet bound by the agreement; Defendant made a knowing and voluntary plea of guilty to Count One of the Superseding Indictment; and Defendant's plea is independently supported by the testimony of Special Agent Smithson, which provides, beyond a reasonable doubt, proof of each of the essential elements of the charge to which Defendant has pled guilty.

T The undersigned Magistrate Judge therefore **RECOMMENDS** Defendant's plea of guilty to the felony charge contained in Count One of the Superseding Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report and that the defendant be adjudged guilty on said charge as contained in Count One of the Superseding Indictment and have sentence imposed accordingly. The undersigned makes no recommendation as to accepting or not accepting the binding terms of the agreement.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable John Preston Bailey, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.

1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Defendant is remanded to the custody of the United States Marshall pending further proceedings in this matter.

Respectfully submitted this 8th day of May, 2012.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE